Judge Mills
delivered the Opinion of the Court.
Prichett filed his bill against Joseph Fanning and George Case, alleging that. Fanning had executed his note to Case, and paid three dollars in part discharge thereof, and,Case liad sold and assigned to him about $90 part thereof, and that he had lost the note,.and with it his remedy at law, and prays for a decree for the amount so assigned to him, and for general relief.
Fanning answered admitting the execution of the note, as¿,that he believed part of it was assigned to the complainant; but insists that he is not hound to pay it, because it arose on the following consideration. He was embarrassed and had need of some money to discharge his debts, and procured Case to advance for him one hundred dollars in payment of his debts. But a certain George Johnson set up a claim to the tract of land on -which he resided, being 109 acres, and finding he could extinguish that claim for $100, he also applied to, and caused Case to make the purchase and advance the money for him. That to secure Case for these advancements, *80 he executed a writing designed to operate as a’mortgage for his land, in which he agrees to pay rent to Case for the land; and had also allowed Case to take forty timber trees from the land, worth one dollar or more per tree. That Case took these trees, and at the close, of four years, he paid to Case ffp213 in addition to the trees, but Case still insisted on the rent as well as legal interest, which produced the balance of $107 for which he executed this note, and the mortgage was given up. He insists that by the $213 and the 40 timber trees, he has paid Case more than the legal interest for the $200, and that he is not equitably entitled to pay more. Pie makes Case a defendant to his answer, as if it was a bill filed against him, and prays a decree against Case for all that he has paid or shall have to pay more than legal interest.
Answer of Caso to Pritchett’s bill.
Case’s answer to I'an-ninff’s cross bill.
Decree of the circuit court.
Answer of one defendant, as here the obligee, is no evidence against another defendant, the as-signee.
Case answered the bill of Prichett, admitting the assignment of the note to him to the amount of $00, and alleges that he is entitled to the balance, éxcept three dollars which Fanning paid him before assignment.
Case also answered the answer of Fanning admitting substantially all the allegations therein, and prays that he may have a decree against Fanning for the balance of the note not assigned to Prichett, except the three dollars.
The court below decreed that Pritchett should recover of Fanning the $90 with interest, and also that Gasp should recover of Fanning the balance of $107 with interest. To reverse this decree Fanning has prosecuted this writ of error.
We perceive no objection to the decree of Pritch-eft against Panning. For although Fanning set up a good defence to the note, and that is, that it arose out of, and was the balance of the mortgage transaction, yet he failed to make proof of the consideration of the note, except by the answer of Case to his own bill, which according to well settled principles. can be no evidence against Pritchett, and it is not proved by other evidence, for what consideration the note wasgiven. The decree which Pritch-ett has obtained must therefore stand unaltered.
Statement of the facts of the usurious transaction.
An obligor who is com? pelled for defect of proof, against the assignee of the usurious consideration, which is confessed by-obligee in his answer, to pay the judgment, may have a decree over against the obr ligee for the amount.
But tbe case is different between Fanning and Case. The instrument of writing which they both term a mortgage, expresses that Cáse had bought from Fanning, not his land, but his improvements, at the price of one hundred dollars. That Fanning was to continue in the occupancy thereof for four years, the first of these years rent free, and at the annual rent of thirty dbllars, for the remaining three, and that Fanning was to have them bach again at the end of the time, on paying three hundred and twenty dollars, or if he failed in the pay? merit thereof he was to surrender the possession to Case, and in the mean time was to abstain from using the timber improperly, and Case was allowed to use forty timber trees. These trees he got as the evidence demonstrates, and he confesses, that at the expiration of the time, Fanning paid him $213, and executed the note now in contest for $107, just making three hundred and twenty dollars provided for. For this he advanced $10.0, and paid for the claim of Geo. Johnson $100 more, as he alleges in his original answer, but as he states in an amended answer, which he files by way of correction of his first, only two thirds of that sum. So that the amount actually advanced by him was, $166 67 which, with legal interest for four years, would amount to $206 67. For this he has received first, $213, then three more paid to him before this note was assigned, and the proof is clear, that he got forty timber trees worth at least $40, makjng (a sum of $49 33, beyond his original loan with interest, besides what Fanning has now to pay to Pritchett. This sum of $49 33, he is entitled to recover, as well as the sum for which Pritchett has obtained his decree in the present cause, unless there is some legal impediment not yet noticed.
The only ground on which there can he a plausible reliance to defeat this recovery, is, that Fanning in his answer, which he makes a bill against Case, has not declared that the contract was usurious in so many words, nor has he called the money advanced for him by Case, a loan. We have already held at the present term in the case of Rodes’ executors vs. Bush, (5 Mon. 467,) that it is unnecessary to make *82 sucb express allegations, if the facts set out on which relief is prayed, amount, in law, toa borrowing, anti the interest received exceeds the legal rate. That far Fanning lias gone, and although he does not employ the terms borrowing, usury, or corrupt agreement, yet he expressly allows what was advanced, what he was to pay, and what he lias paid, and alleges that Case has received more than legal interest.
It is not necessary ill a bill for relief against usurious in-eresl, to allege in terms, ihe transaction was a loan at 'usurious interest: if the facts appear it is sufficient.
Usury disguised under the name of rent.
Wickliffe, for plaintiff.
Besides the agreement which he sets out as pari of his answer, exhibits on its face, a device badly concealed to avoid the statute; an attempt to dignify usury witli the appellation of rent, a device not unusual, and one'that has as frequently met with judicial condemnation. Indeed without the use of the terms aforesaid, Case seems to have well understood ivhat as intended. He speaks of interest, which lie says was not usury in his answer. And when a witness spoke of extra interest, he enquires Iiow that can be, when neither the mortgage nor the answers of any of the parties named extra interest.
The decree therefore of Pritchett vs. Fanning must be affirmed without costs, as Fanning has made default; but the decree in favor of Case against Fanning must be reversed with costs, and the cause be remanded, that a decree may be entered in favor, of Fanning, which shall conform to ibis opinion.